## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSHUA I. PAYNE,                    :    Civil No. 3:25-cv-1119
                                    :
        Plaintiff                  :    (Judge Mariani)
                                    :
    v.                           :
                                    :
DR. CATELL, *et al.,*               :
                                    :
        Defendants                 :

## MEMORANDUM

Plaintiff Joshua Payne ("Payne"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). His claims sound in Eighth Amendment deliberate indifference to serious medical needs. (*Id.*). Named as Defendants are Wellpath Holdings, Inc., and Dr. Cattell. (*Id.* ¶¶ 4, 5).

Presently before the Court is Dr. Cattell's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 13). Payne failed to respond to the motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for disposition. For the reasons set forth below, the Court will grant the motion and grant Payne an opportunity to amend.

---

[1] Payne was directed to file a brief in opposition to Defendant's motion and was admonished that failure to file an opposition brief would result in Defendant's motion being deemed unopposed. (Docs. 21, 24) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

I.    **Factual Background**

Payne alleges that he was diagnosed with Type-2 Diabetes and diabetic neuropathy on October 19, 2016. (Doc. 1 ¶¶ 7, 8). As a consequence of his diabetes, Payne alleges that he has issues with his skin, such as dry, flaky, and scaly skin on his feet and legs. (*Id.* ¶ 9).

On June 7, 2022, Payne asserts that he was transferred from the State Correctional Institution at Mahanoy ("SCI-Mahanoy") to the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). (*Id.* ¶ 11). Upon arrival at SCI-Camp Hill, Payne alleges that he informed the medical department of his skin issues and requested to see a dermatologist. (*Id.* ¶¶ 12, 13).

On or about August 5, 2024, Payne saw Dr. Cattell at MD line for different chronic medical conditions. (*Id.* ¶ 14). During this visit, Payne alleges that he requested treatment by a dermatologist "so that his skin condition on his feet and legs could be properly treated." (*Id.* ¶ 15). Dr. Cattell allegedly told Payne that Wellpath would not allow him to see a dermatologist. (*Id.* ¶ 16). On that same date, Payne asserts that he submitted a grievance regarding the alleged refusal to be treated by a dermatologist. (*Id.* ¶ 17). The grievance was purportedly denied at all levels. (*Id.* ¶ 18).

On August 25, 2025, Payne asserts that he submitted a sick call request to notify the medical department that the prescribed medication, Eucerin, was not working. (*Id.* ¶¶ 19, 20). Payne asserts that he was not called to the medical department after submitting this

2

request. (*Id.*). Therefore, on August 29, 2025, Payne submitted another sick call slip requesting to be treated because the Eucerin prescribed by Dr. Cattell was not working. (*Id.* ¶ 20). Despite submitting this second sick call slip, Payne alleges that he was not scheduled to be seen at sick line the following day. (*Id.* ¶ 21).

Payne further alleges that he continued to submit sick call requests to inform the medical department that the prescribed medications were not working and to request to be seen by a dermatologist. (*Id.*). He asserts that these requests were denied or unanswered. (*Id.*).

## II.    **Legal Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013)

3

(internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment

4

would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III.    Discussion

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment" to incarcerated individuals. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff." *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, and denial of reasonable requests for treatment resulting in unnecessary suffering or risk of injury. *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n. 11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346). Deliberate indifference to serious medical needs is an exacting standard, requiring a

5

showing of "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted). Claims sounding in mere medical negligence will not suffice. *Rouse*, 182 F.3d at 197. Disagreement as to proper care also does not support a finding of deliberate indifference. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

Payne's medical indifference claim fails at the first element. Payne alleges that he suffers from dry, flaky, and scaly skin on his feet and legs. (Doc. 1 ¶ 9). The Third Circuit Court of Appeals noted that a "serious" medical condition is one "such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Notably, the Court then affirmed the dismissal of an Eighth Amendment claim premised upon a denial of treatment for "weight loss, eczema of the feet, seborrhea of the scalp, athlete's foot, constipation, and swollen knuckles on his right hand" on the basis that the prisoner had failed to allege a serious medical condition. *Id.*

"Courts have consistently held that skin conditions without other symptoms do not qualify as serious medical needs." *Sullivan v. Cochran*, 2015 WL 9659680, at *4 (S.D. Ala. Nov. 25, 2015) (collecting cases); *see also Ellison v. New Jersey State Prison Med. Dept.*, 2023 WL 363044, at *4 (D.N.J. Jan. 23, 2023). Payne alleges that his skin condition causes pain and discomfort in his feet and legs. (Doc. 1 ¶¶ 19, 20, 29). He does not allege that his skin condition resulted in an infection, open wounds, or bleeding. *See, e.g., McKeithan v.*

*Beard*, 2010 WL 2028091, at *3-5 (W.D. Pa. Apr. 12, 2010) (reasoning that because the inmate's skin condition did not result in bleeding and could be treated by over-the-counter medication, it was not a serious medical need), *adopted by*, 2010 WL 2028092 (W.D. Pa. 2010). The Court finds that Payne fails to allege that his skin condition amounts to a serious medical condition.

Even assuming that Payne's skin condition became serious at some point, he has not plausibly alleged that Dr. Cattell exhibited deliberate indifference to that serious medical need. Payne alleges that Dr. Cattell has shown deliberate indifference by refusing to provide him with different medications. The complaint shows that Payne received some level of medical care from Dr. Cattell. According to the complaint, Dr. Cattell treated Payne on August 5, 2024, and Payne requested treatment by a dermatologist. (Doc. 1 ¶¶ 14, 15). Although Payne requested treatment by a dermatologist, Dr. Cattell advised Payne "that he can not allow [Payne] to see a dermatologist, because Defendant, Wellpath, will not allow it." (*Id.* ¶ 16). Thereafter on August 25, 2025 and August 29, 2025, Payne submitted sick call slips to the medical department requesting to be treated because the Eucerin prescribed by Dr. Cattell was not working. (*Id.* ¶¶ 19, 20). It is well-settled that an inmate's objection to the type of medication provided by prison physicians is precisely the type of "disagreement between an inmate and doctors over alternate treatment plans" that falls well short of a constitutional violation. *Tillery v. Noel*, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018); *see also Lanzaro*, 834 F.2d at 346 ("mere disagreement as to the proper medical

treatment" is not an actionable Eighth Amendment claim). These claims are frequently rejected by courts. *See, e.g., Whooten v. Bussanich*, 248 F. App'x 324, 326-27 (3d Cir. 2007) (upholding grant of summary judgment that medical staff was not deliberately indifferent for treating migraine headaches with other medicines and only occasionally with the plaintiff's preferred drug); *Ascenzi v. Diaz*, 247 Fed. Appx. 390, 391 (3d Cir. 2007) (upholding grant of motion to dismiss for failure to state a claim, finding no deliberate indifference where plaintiff was provided pain medication and antibiotics instead of narcotic pain relievers for his herniated cervical discs). Furthermore, prisoners "do not have a constitutional right to choose their own medical providers nor to obtain treatment of their own choosing." *Abdulrazzaq v. Trump*, 422 F. Supp. 3d 281, 291 (D.D.C. 2019) (citing *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution."); *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985) ("The Eighth Amendment guarantees a prisoner treatment of his serious medical needs, not a doctor of his own choosing.").

While Payne appears to be frustrated by the perceived ineffectiveness of the treatments that he was offered, there is nothing to suggest that Dr. Cattell was deliberately indifferent to his medical needs. Deliberate indifference is a stringent standard. Payne does not plausibly allege any such conduct by Dr. Cattell.

8

Finally, Payne has not plausibly alleged the third element of a medical indifference claim, i.e., he has not alleged that Dr. Cattell's alleged deliberate indifference caused his harm.

## IV.   **Leave to Amend**

The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). Consequently, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Based on the facts alleged in the complaint, it is possible that Payne could plausibly allege an adequacy of medical care claim if he corrects the pleading errors identified in this Memorandum. The Court will give him an opportunity to attempt to do so. Payne is advised that any amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint shall set forth the claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Finally, neither conclusory allegations nor broad allegations will set forth a cognizable claim.

## V.    Conclusion

Consistent with the foregoing, the Court will grant the motion to dismiss filed by Dr.

Cattell.  (Doc. 13).  The Court will also grant Payne leave to amend.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May ____, 2026